Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CARLOS ROBERTO VILORIO, WALTER PEREZ, JARVIN J.
GARCIA, ARMANDO MEJIA BONILLA, JOSE GARCIA,
JOAQUINE ZABALA, MANUEL CANTOR, JOSE
VELASQUEZ, JORGE ARMANDO, JULIO CESAR
MALDONADO, and JOSE RODRIGUEZ, individually and on
behalf of all others similarly situated,

**CLASS/COLLECTIVE
ACTION COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiff,

-against-

DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC.
d/b/a TOSKANA PIZZERIA RESTAURANT and JEFFREY
DEVA, as an individual,

Defendants.

-------------------------------------------------------------------X

1. Plaintiffs, **CARLOS ROBERTO VILORIO, WALTER PEREZ, JARVIN J.
GARCIA, ARMANDO MEJIA BONILLA, JOSE GARCIA, JOAQUINE
ZABALA, MANUEL CANTOR, JOSE VELASQUEZ, JORGE ARMANDO,
JULIO CESAR MALDONADO, and JOSE RODRIGUEZ, individually and on
behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their
attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as
to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **CARLOS ROBERTO VILORIO, WALTER PEREZ, JARVIN J.
GARCIA, ARMANDO MEJIA BONILLA, JOSE GARCIA, JOAQUINE
ZABALA, MANUEL CANTOR, JOSE VELASQUEZ, JORGE ARMANDO,
JULIO CESAR MALDONADO, and JOSE RODRIGUEZ, individually and on**

1

**behalf of all others similarly situated,**, through undersigned counsel, bring this action against **DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT (hereinafter referred to as "" and JEFFREY DEVA, as an individual**, (hereinafter referred to as "Individual Defendant"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT, located at 348 GREAT NECK ROAD, GREAT NECK, NEW YORK, 11021.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount §§§§exceeding $100,000.00.  Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CARLOS ROBERTO VILORIO residing at 50 MCKEE STREET, FLORAL PARK, NY 11001, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around March 2020 until in or around October 2020.

9. Plaintiff WALTER PEREZ residing at 189-29 43RD ROAD, FLUSHING, NY 11358, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around July 2020 to present.

10. Plaintiff JARVIN J. GARCIA residing at 243 COSTAR STREET, WESTBURY, NY 11590, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around March 2019 until in or around March 2020.§

11. Plaintiff ARMANDO MEJIA BONILLA residing at 7 FIELDSTON STREET, WESTBURY, NY 11590, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around March 2015 to in or around March 2020.

12. Plaintiff JOSE GARCIA residing at 253 NEW YORK AVENUE, UNIONDALE, NY 11553, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around October 2015 to present.

13. Plaintiff JOAQUINE ZABALA was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around March 2015 to present.

14. Plaintiff MANUEL CANTOR residing at 7 FIELDSTON STREET, WESTBURY, NY 11590, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around January 2018 to in or around June 2020.

15. Plaintiff JOSE VELASQUEZ residing at 243 COSTAR STREET, WESTBURY, NY 11590, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around November 2017 to in or around March 2020.

16. Plaintiff JORGE ARMANDO residing at 414 MAPLE AVENUE, WESTBURY, NY 11590, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around August 2016 to in or around March 2020.

17. Plaintiff JULIO CESAR MALDONADO residing at 36 EAST OLD COUNTRY ROAD, HICKSVILLE, NY 11801, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around July 2015 to in or around July 2019.

18. Plaintiff JOSE A. RODRIGUEZ residing at 667 HEMPSTEAD BOULEVARD, UNIONDALE, NY 11553, was employed by the Defendants at TOSKANA PIZZERIA RESTAURANT from in or around March 2014 to April 2016.

19. Defendant, DEVA HOLDINGS, LLC., is a corporation organized under the laws of New York with a principal executive office at 348 GREAT NECK ROAD, GREAT NECK, NEW YORK 11021.

20. Defendant, DEVA HOLDINGS, LLC., is a corporation authorized to do business under the laws of New York.

21. Defendant DEVA LITTLE NECK INC. is a corporation organized under the laws of New York with a principal executive office at 248-25 NORTHERN BLVD, UNIT 1A & 1B, LITTLE NECK, NEW YORK, 11362.

22. Defendant DEVA HOLDINGS, LLC. Is a corporation authorized to do business under the laws of New York.

23. Upon information and belief, Defendant JEFFREY DEVA owns and operates DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT.

24. Defendant JEFFREY DEVA is an agent of DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT.

25. Upon information and belief, Defendant JEFFREY DEVA has power over personnel decisions at DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT.

26. Upon information and belief, Defendant JEFFREY DEVA has power over payroll decisions at DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT.

27. Defendant JEFFREY DEVA has the power to hire and fire employees at DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records.

28. During all relevant times herein, Defendant JEFFREY DEVA was Plaintiff's employer within the meaning of the FLSA and NYLL.

29. On information and belief, , are at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### CARLOS ROBERTO VILORIO

30. Plaintiff CARLOS ROBERTO VILORIO was employed by Defendants from in or around March 2020 until in or around October 2020.

31. During Plaintiff CARLOS ROBERTO VILORIO'S employment by Defendants, Plaintiff's primary duties were cook, and performing other miscellaneous duties from in or around March 2020 until in or around October 2020.

32. Plaintiff CARLOS ROBERTO VILORIO was paid by Defendants:

      i.  approximately $150.00 per day from in or around March 2020 until in or around October 2020.

33. Plaintiff CARLOS ROBERTO VILORIO worked approximately 60 hours or more hours per week from in or around March 2020 until in or around October 2020.

34. Although Plaintiff CARLOS ROBERTO VILORIO worked approximately sixty (60) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Furthermore, Plaintiff CARLOS ROBERTO VILORIO worked approximately twelve (12) or more hours per day, five (5) days a week from in or around March 2020 until in or around October 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over twelve (12) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### WALTER PEREZ

36. Plaintiff WALTER PEREZ has been employed by Defendants from in or around July 2020 to the present.

37. During Plaintiff WALTER PEREZ'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from in or around July 2020 to present.

38. Plaintiff WALTER PEREZ has been paid by Defendants:

i.  approximately $140.00 per day from in or around July 2020 to present.

39. Plaintiff WALTER PEREZ worked approximately sixty (60) hours or more hours per week from in or around July 2020 to the present.

40. Although Plaintiff WALTER PEREZ worked approximately sixty (60) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, Plaintiff WALTER PEREZ worked approximately twelve (12) or more hours per day, five (5) days a week from in or around July 2020 until in or around the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over twelve (12) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## JARVIN J. GARCIA

42. Plaintiff JARVIN J. GARCIA was employed by Defendants from in or around March 2019 to in or around March 2020.

43. During Plaintiff JARVIN J. GARCIA'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, food preparation, and performing other miscellaneous duties from in or around March 2019 to in or around March 2020.

44. Plaintiff JARVIN J. GARCIA was paid by Defendants:

ii.  approximately $600.00 per week from in or around March 2019 to in or around March 2020.

45. Plaintiff JARVIN J. GARCIA worked approximately eighty-four (84) hours or more hours per week from in or around March 2019 to in or around March 2020.

46. Although Plaintiff JARVIN J. GARCIA worked approximately eighty-four (84) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Plaintiff JARVIN J. GARCIA was not compensated for three (3) weeks of work he performed during his employment by Defendants.

48. Furthermore, Plaintiff JARVIN J. GARCIA worked approximately twelve (12) or more hours per day, seven (7) days a week from in or around March 2019 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over twelve (12) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### ARMANDO MEJIA BONILLA

49. Plaintiff ARMANDO MEJIA BONILLA was employed by Defendants from in or around March 2015 to in or around March 2020.

50. During Plaintiff ARMANDO MEJIA BONILLA'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from March 2015 to in or around March 2020.

51. Plaintiff ARMANDO MEJIA BONILLA was paid by Defendants:

     i. approximately $400.00 per week from in or around March 2015 to in or around December 2016,

     ii. approximately $500.00 per week from in or around January 2017 to March 2020.

52. Plaintiff ARMANDO MEJIA BONILLA worked approximately sixty-five (65) hours or more hours per week from in or around March 2015 to in or around March 2020.

53. Although Plaintiff ARMANDO MEJIA BONILLA worked approximately sixty-five (65) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Furthermore, Plaintiff ARMANDO MEJIA BONILLA worked approximately thirteen (13) or more hours per day, five (5) days a week from in or around March 2015 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

55. Defendants failed to pay Plaintiff, ARMANDO MEJIA BONILLA, the legally prescribed minimum wage for his hours worked from in or around January 2018 until

in or around March 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

## JOSE GARCIA

56. Plaintiff JOSE GARCIA has been employed by Defendants from in or around October 2015 to the present.

57. During Plaintiff JOSE GARCIA'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from October 2015 until the present.

58. Plaintiff JOSE GARCIA has been paid by Defendants:

    i. approximately $620.00 per week from in or around October 2015 to in or around December 2015,

    ii. approximately $650.00 per week from in or around January 2016 to in or around December 2016,

    iii. approximately $670.00 per week from in or around January 2017 to in or around December 2017,

    iv. approximately $690.00 per week from in or around January 2018 to in or around December 2019,

    v. approximately $710.00 per week from in or around January 2020 until the present

59. Plaintiff JOSE GARCIA worked approximately sixty (60) hours or more hours per week, from in or around October 2015 until the present.

60. Although Plaintiff JOSE GARCIA worked approximately sixty (60) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Furthermore, Plaintiff JOSE GARCIA worked approximately twelve (12) or more hours per day, five (5) days a week from in or around October 2015 until the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### JOAQUINE ZAVALA

62. Plaintiff JOAQUINE ZAVALA has been employed by Defendants from in or around October 2015 until the present.

63. During Plaintiff JOAQUINE ZAVALA'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from October 2015 until the present.

64. Plaintiff JOAQUINE ZAVALA has been paid by Defendants:

  i. approximately $600.00 per week from in or around October 2015 to in or around December 2016,

  ii. approximately $700.00 per week from in or around January 2017 to in or around December 2018,

  iii. approximately $800.00 per week from in or around January 2019 to the present.

65. Plaintiff JOAQUINE ZAVALA worked approximately seventy-two (72) hours or more hours per week from in or around October 2015 to the present.

66. Although Plaintiff JOAQUINE ZAVALA worked approximately seventy-two (72) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Furthermore, Plaintiff JOAQUINE ZAVALA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around October 2015 to the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.


### MANUEL CANTOR

68. Plaintiff MANUEL CANTOR was employed by Defendants from in or around January 2018 to in or around June 2019.

69. During Plaintiff MANUEL CANTOR'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from January 2018 to in or around June 2019.

70. Plaintiff MANUEL CANTOR was paid by Defendants:

      i. approximately $600.00 per week from in or around January 2018 to in or around June 2019.

71. Plaintiff MANUEL CANTOR worked approximately sixty (60) hours or more hours per week from in or around January 2018 to in or around June 2019.

72. Although Plaintiff MANUEL CANTOR worked approximately sixty (60) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

73. Furthermore, Plaintiff MANUEL CANTOR worked approximately twelve (12) or more hours per day, five (5) days a week from in or around January 2018 until in or around June 2019, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## JOSE VELASQUEZ

74. Plaintiff JOSE VELASQUEZ was employed by Defendants from in or around May 2015 to in or around January 2016 and in or around May 2016 to in or around March 2020.

75. During Plaintiff JOSE VELASQUEZ'S employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from May 2015 to in or around January 2016 and in or around May 2016 to in or around March 2020.

76. Plaintiff JOSE VELASQUEZ was paid by Defendants:

      i. Approximately $600.00 per week from in or around May 2015 to in or around January 2016,

      ii. Approximately $670.000 per week from in or around May 2016 to in or around December 2016

       iii.  approximately $780.00 per week from in or around January 2017 to in or around December 2017,

       iv.  approximately $790.00 per week from in or around January 2018 to March 2020.

77. Plaintiff JOSE VELASQUEZ worked approximately seventy-two (72) hours or more hours per week from in or around May 2015 to in or around January 2016 and in or around May 2016 to in or around March 2020.

78. Although Plaintiff JOSE VELASQUEZ worked approximately seventy-two (72) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Furthermore, Plaintiff JOSE VELASQUEZ worked approximately twelve (12) or more hours per day, six (6) days a week from in or around May 2015 to in or around January 2016 and in or around May 2016 to in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## JORGE ARMANDO

80. Plaintiff JORGE ARMANDO was employed by Defendants from in or around August 2016 to in or around March 2020.

81. During Plaintiff JORGE ARMANDO'S employment by Defendants Plaintiff's primary duties were making pizzas and performing other miscellaneous duties from in or around August 2016 to in or around March 2020.

82. Plaintiff JORGE ARMANDO was paid by Defendants:

       i.  approximately $800.00 per week from in or around August 2016 to in or around December 2017,

       ii.  approximately $1,000.00 per week from in or around January 2018 to December 2019.

       iii.  approximately $900.00 per week from in or around January 2020 to March 2020.

83. Plaintiff JORGE ARMANDO worked approximately seventy-two (72) hours or more hours per week from in or around August 2016 to in or around December 2019 and approximately sixty (60) hours or more hours per week from January 2020 to March 2020.

84. Although Plaintiff JORGE ARMANDO worked approximately seventy-two (72) hours or more per week and worked sixty (60) hours or more per week for his last week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

85. Plaintiff JORGE ARMANDO was not compensated for one (1) week of work he performed during his employment by Defendants.

86. Furthermore, Plaintiff JORGE ARMANDO worked approximately twelve (12) or more hours per day, six (6) days a week from in or around August 2016 until in or around December 2019 and five (5) days a week from in or around January 2020 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### JULIO CESAR MALDONADO

87. Plaintiff JULIO CESAR MALDONADO was employed by Defendants from in or around July 2015 to in or around July 2019.

88. During Plaintiff JULIO CESAR MALDONADO'S employment by Defendants, Plaintiff's primary duties were making pizzas, and performing other miscellaneous duties from in or around July 2015 to in or around July 2019.

89. Plaintiff JULIO CESAR MALDONADO was paid by Defendants:

    i. approximately $145.00 per day from in or around July 2015 to in or around December 2015,

    ii. approximately $150.00 per day from in or around January 2016 to in or around December 2016,

    iii. approximately $180.00 per day from in or around January 2017 to in or around December 2017

    iv.  approximately $190.00 per day from in or around January 2018 to in or around December 2019.

    v.  approximately $195.00 per day from in or around January 2019 to in or around July 2019

90. Plaintiff JULIO CESAR MALDONADO worked approximately seventy-two (72) hours or more hours per week from in or around July 2015 to in or around July 2019.

91. Although Plaintiff JULIO CESAR MALDONADO worked approximately seventy-two (72) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

92. Furthermore, Plaintiff JULIO CESAR MALDONADO worked approximately twelve (12) or more hours per day, six (6) days a week from in or around August 2016 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

**JOSE RODRIGUEZ**

93. Plaintiff JOSE RODRIGUEZ was employed by Defendants from in or around March 2014 to in or around April 2016.

94. During Plaintiff JOSE RODRIGUEZ'S employment by Defendants, Plaintiff's primary duties were making pizzas, and performing other miscellaneous duties from in or around March 2014 to in or around April 2016.

95. Plaintiff JOSE RODRIGUEZ was paid by Defendants:

    i.  approximately $750.00 per week from in or around March 2014 to in or around December 2014,

    ii.  approximately $800.00 per week from in or around January 2015 to in or around December 2015,

    iii.  approximately $850.00 per week from in or around January 2016 to in or around April 2016,

96. Plaintiff JOSE RODRIGUEZ worked approximately eighty-four (84) hours or more hours per week from in or around March 2014 to in or around April 2016.

97. Although Plaintiff JOSE RODRIGUEZ worked approximately eighty-four (84) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

98. Furthermore, Plaintiff JOSE RODRIGUEZ worked approximately twelve (12) or more hours per day, seven (7) days a week from in or around March 2014 until in or around April 2016, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## WAGE NOTICES AND WAGE STATEMENTS VIOLATIONS AS TO ALL PLAINTIFFS

99. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

100.   Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

101.   As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

102.   Plaintiffs bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

103.   Collective Class: All persons who are or have been employed by the Defendants as cook, cleaner, dishwasher, food preparer, stocker, and cashier or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices,

policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and minimum wage compensation.

104.    Upon information and belief, Defendants employed at least fifty (50) employees within the relevant time period who were subjected to similar payment structures.

105.    Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

106.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

107.    Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

108.    Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

109.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.    Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

110.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

111.    The claims of Plaintiff are typical of the claims of the putative class.

112.    Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

113.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

114.    Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second, Fourth,

and Sixth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All cooks, cleaners, dishwashers, food preparers, and cashiers who are currently or have been employed by the Defendants and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

115. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 50 to 100 members of the New York Class during the New York Class Period.

116. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f. Whether Defendants should be enjoined from such violations in the future.

117. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The

Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

118.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

119.    Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and proper minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

120.    Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

121.    Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

122.    The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## **FIRST CAUSE OF ACTION**
### **Overtime Wages Under The Fair Labor Standards Act**

123.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

125.   At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

126.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

127.   Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

128.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

129.   Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

130.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

131.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

132.   Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

133.   Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well

as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

134.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

135.  Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

136.  Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

137.  Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

138.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

139.  At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

140.  Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

141.  Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

### FIFTH CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

142.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

143.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

144.    At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

145.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

146.    Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

147.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

148.    Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

149.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SIXTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

150.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

151.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

152.    At all times relevant to this action, Defendants were employers within the meaning of NYLL.

153.    Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

154.    Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

155.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

156.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

157.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

158.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## EIGHTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

159.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

160.    Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

161.    Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

162.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

163.    Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

164.    Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.    Awarding Plaintiff unpaid overtime wages;

c.    Awarding Plaintiff unpaid minimum wages;

d.    Awarding Plaintiff unpaid spread of hours compensation;

e.    Awarding Plaintiff unpaid wages;

f.    Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.    Awarding Plaintiff prejudgment and post-judgment interest;

h.    Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i.    Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated: This _6th_ day of November, 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS ROBERTO VILORIO, WALTER PEREZ, JARVIN J. GARCIA, ARMANDO MEJIA
BONILLA, JOSE GARCIA, JOAQUINE ZABALA, MANUEL CANTOR, JOSE VELASQUEZ,
JORGE ARMANDO, JULIO CESAR MALDONADO, and JOSE RODRIGUEZ, individually and
on behalf of all others similarly situated

Plaintiff,

-against-

DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA
RESTAURANT and JEFFREY DEVA, as an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:

**JEFFREY DEVA**
**348 GREAT NECK ROAD,**
**GREAT NECK, NEW YORK, 11021**

**DEVA HOLDINGS, LLC.**
**348 GREAT NECK ROAD,**
**GREAT NECK, NEW YORK, 11021**

**DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT**
**248-25 NORTHERN BLVD**
**UNIT 1A & 1B**
**LITTLE NECK, NEW YORK, 11362**