UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ROBERTO VILORIO, WALTER PEREZ, JARVIN J. GARCIA, ARMANDO MEJIA BONILLA, JOSE GARCIA, JOAQUINE ZABALA, MANUEL CANTOR, JOSE VELASQUEZ, JORGE ARMANDO, JULIO CESAR MALDONADO, and JOSE RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>                               Plaintiffs,<br><br>         -against-<br><br>DEVA HOLDINGS, LLC. AND DEVA LITTLE NECK INC. d/b/a TOSKANA PIZZERIA RESTAURANT and JEFFREY DEVA, as an individual,<br><br>                               Defendants. | Civil Docket No.:<br>1:20-cv-05389-HG<br><br>**PROPOSED JOINT JURY INSTRUCTIONS**<br><br><br>Hon. Hector Gonzalez<br>*United States District Judge* |

JUROR ATTENTIVENESS

Proposed Jury Instruction No. 1

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.[1]

---

1Adapted from Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Stern A. Reiss, and Nancy Batterman, 4 Modern Federal Jury Instructions (Sand, MFJI), Instruction 71-1 (2014).

1

ROLE OF THE COURT

Proposed Jury Instruction No. 2

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you. [1]

---

[1]    Adapted from *id.,* Instruction 71-2 (2014 ).

2

ROLE OF THE JURY

Proposed Jury Instruction No. 3

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact or issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not a plaintiff has proven his case, or a defendant has proven its defense.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to

3

the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[1]

---

[1]    *Id.*, Instruction 71-3

JUROR OATH

<u>Proposed Jury Instruction No. 4</u>

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.[1]

---

1 *Id.*, Instruction 71-4.

CONDUCT OF COUNSEL

<u>Proposed Jury Instruction No. 5</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[1]

---

1 *Id,* Instruction 71-6

RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Proposed Jury Instruction No. 6

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[1]

---

1 *Id.*, Instruction 71-9

7

BURDEN OF PROOF

<u>Proposed Jury Instruction No. 7</u>

This is a civil case and as such the plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiffs have carried their burden on each essential point as to which he has the burden of proof, then you must find for the plaintiffs on their claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiffs have failed to sustain their burden and you must find for the defendants. [1]

---

[1] *Id.* Instruction 73-1.

PREPONDERANCE OF THE EVIDENCE

Proposed Jury Instruction No. 8

Plaintiffs bear the burden of proving each element of their New York State Labor Law wage and hour claims by a preponderance of the evidence.  If you conclude that they have failed to establish any element by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.  The law requires that in order for a plaintiff to prove his claim on an issue, the evidence that supports his claim on that issue must appeal to you as more nearly representing what happened than that opposed to his claim. If it does not, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the issue in favor of the defendant. (NYPJI 1:62).

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[1]

---

[1]    Adapted from *id.*, Instruction 73-2.

NATURE OF EVIDENCE

Proposed Jury Instruction No.9

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your

10

recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[1]

---

[1] *Id.*, Instruction 74-1.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Proposed Jury Instruction No. 10

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

12

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.[1]

---

[1]    *Id.,* Instruction 74-2.

STIPULATION OF FACT

<u>Proposed Jury Instruction No. 11</u>

A stipulation of facts is an agreement among the parties that a certain fact is true.

You must regard such agreed facts as true.[1]

---

1 *Id.*, Instruction 74-4.

14

OFFICIAL TRANSLATION

Proposed Jury Instruction No. 12

Spanish has been used during this trial.  You only are to consider that evidence provided through the official court translator and the certified translation of the written documents that are introduced as exhibits.  Although some of you may speak Spanish, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English translation.  You must ignore any different meaning of the Spanish words.[1]

---

[1]    Adapted from O'Malley, FJPI, 103.35.

15

INFERENCES

Proposed Jury Instruction No. 13

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.[1]

---

[1]    *Id,*, Instruction No. 75-1

WITNESS CREDIBILITY

Proposed Jury Instruction No. 14

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be completely true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor— that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his

memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[1]

---

[1]    *Id.* Instruction 76-1.

BIAS

Proposed Jury Instruction No. 15

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.[1]

---

1 *Id.*, Instruction No. 76-2.

DISCREPANCIES

Proposed Jury Instruction No. 16

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[1]

---

[1]    *Id.*, Instruction 76-4.

20

IMPEACHMENT

Proposed Jury Instruction No. 17

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[1]

---

[1]    *Id.*, Instruction No, 76-5

INTERESTED WITNESS

<u>Proposed Jury Instruction No. 18</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony[1]

---

[1]    *Id.*, Instruction 76-3.

## WAGE AND HOUR CLAIMS - INTRODUCTION

Proposed Jury Instruction No. 19

Plaintiffs have alleged claims under the Fair Labor Standards Act and the New York Labor Law. The Fair Labor Standards Act and the New York Labor Law require that employees are paid a minimum wage.

In addition, the Fair Labor Standards Act and the New York Labor Law provide for the payment of time and a half overtime pay for hours worked in excess of 40 hours per week. The Fair Labor Standards Act and the New York Labor Law prohibit employers like Defendants from employing employees like Plaintiff for a workweek longer than forty hours unless the employees receive compensation for employment in excess of 40 hours per week at a rate not less than one and one-half times the employee's regular rate of pay.

Plaintiffs claim that defendants did not pay them the overtime pay required by the Fair Labor Standards Act and the New York Labor Law.

Defendants deny Plaintiffs' claims. [1]

On the verdict form, you will answer specific questions about each Plaintiff. I will now give you a general overview of the determinations you will be asked to make. These will be followed with more specific instructions concerning each determination.

You will first be asked to determine if Defendants are liable to Plaintiffs. You will separately determine whether each Plaintiff has proven by a preponderance of the credible evidence that Defendants violated the minimum wage or overtime provisions of the Fair Labor Standards Act and the New York Labor Law.

---

[1]     Adapted from *id.,* Instruction 85-1.

If you determine that Plaintiffs have proven by a preponderance of the credible evidence that Defendants violated any of these provisions, you will next determine: the dates that Plaintiffs were employed by Defendants; the weekly hours worked by Plaintiffs during these period of employment; the method of determining Plaintiffs' pay (i.e, paid per hour or a fixed daily or weekly salary); the amount of pay each Plaintiff received; and any exceptions to these findings.

PURPOSE OF THE FAIR LABOR STANDARDS ACT

<u>Proposed Jury Instruction No. 20</u>

The purpose of the Fair Labor Standards Act is twofold: first, to protect workers from substandard wages and oppressive working hours by establishing minimum standards of living necessary for the health, efficiency and general well-being of workers, and second, to protect competition in the marketplace by eliminating any competitive advantage enjoyed by companies that produce goods under substandard working conditions.[1]

---

1 *Id.*, Instruction 85-2.

FAIR LABOR STANDARDS ACT – OVERTIME CLAIMS

<u>Proposed Jury Instruction No. 21</u>

Under the Fair Labor Standards Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that plaintiffs were employees of the defendants;

Second, that plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendant failed to pay the plaintiffs overtime as required by law.

The third element of the claim is that the defendant failed to pay Plaintiffs the overtime payments required under the FLSA. To prove this element, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the FLSA is one-and-one-half times the employee's regular wage. An employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage that the plaintiff was entitled to have been paid for the time period in question and not what the plaintiff was actually paid.[1]

---

1 Adapted from Modern Federal Jury Instructions, Instruction 85-9.

Plaintiffs claim they were paid flat daily and weekly rates of pay, and the defendants did not properly compensate them at time-and-a-half for their hours worked in excess of 40 hours per week.

To calculate Plaintiffs' overtime wage damages, using the Plaintiffs' flat daily and weekly rates, which, pursuant to applicable wage-and-hour laws, covered only their first 40 hours worked each week, and which rates were paid without any regard for the number of hours Plaintiffs were regularly required to work during each such week, first, you should determine each Plaintiff's converted hourly rates. If a Plaintiff is paid on a daily rate, you should calculate his converted hourly rates by multiplying his daily rate to his number of workdays per week then divide it to his total work hours per week. If a Plaintiff is paid on a weekly rate, you should calculate his converted hourly rate by dividing his weekly rate for each year by 40.

Next, you should calculate Plaintiffs' applicable overtime rates of pay. If Plaintiff is paid on a daily rate and his converted hourly rate falls below the applicable NY Minimum Wage, you will multiply the respective NY Minimum Wage by time-and-a-half (1.5) less his converted hourly rate. If Plaintiff is paid on a daily rate and his converted hourly rate is at or above the NY Minimum Wage, you will multiply his converted hourly rate by half-rate (1.5). If Plaintiff is paid on a weekly rate, you will multiply his converted hourly rate by time-and-a-half (1.5).

Then, you calculate Plaintiffs' unpaid overtime wages owed per week, by multiplying Plaintiffs' applicable Overtime rates of pay, by the number of hours Plaintiffs regularly worked during each year of their employment with Defendants.

Lastly, you multiply Plaintiffs' unpaid overtime owed per week, by the number of weeks that Plaintiffs worked during each year of their employment with Defendants.

This will provide you with Plaintiffs' total overtime wages owed during the statutory period.[2]

This procedure[3] can also be stated, as follows:

*If Plaintiff is paid on a <u>daily rate</u> and the converted hourly rate falls <u>below</u> the NY Minimum Wage*

Step 1: [NY MW Rate of each year x 1.5 less Plaintiff's converted hourly rate for the same year] = [half-rate overtime wage rate for all hours over 40]

Step 2: [half rate or half-time hourly rate] x [number of hours worked over 40] = [overtime wages owed for the week]

Step 3: [overtime wages owed for the week] x [number of weeks for which the employee worked the same number of hours and received the same weekly or hourly rate] = [total overtime wages owed for the period].

*If Plaintiff is paid on a <u>daily rate</u> and the converted hourly rate falls <u>at or above</u> the NY Minimum Wage*

Step 1: [Plaintiff's converted hourly rate x half rate] = [half-rate overtime wage rate for all hours over 40]

Step 2: [half rate or half-time hourly rate] x [number of hours worked over 40] = [overtime wages owed for the week]

Step 3: [overtime wages owed for the week] x [number of weeks for which the employee worked the same number of hours and received the same weekly or hourly rate] = [total overtime wages owed for the period].

---

2 *See* Ying Ying Dai v. ABNS NY Inc., No. 18-CV-05170, 2020 U.S. Dist. LEXIS 179507 (September 29, 2020, Decided; September 29, 2020); *citing to* Espinoza v. Indus. Glass & Mirror Inc., No. 16-CV-64, 2016 U.S. Dist. LEXIS 166925, 2016 WL 7650592, at *5 (E.D.N.Y. Nov. 30, 2016). *See also, Solis v Cindy's Total Care, Inc.*, 2012 US Dist LEXIS 1808, at *2 (SDNY Jan. 5, 2012) citing to 29 C.F.R. § 778.114.
3 *Solis v Cindy's Total Care, Inc.*, 2012 US Dist LEXIS 1808, at *73, n 29.

28

*If Plaintiff is paid on a <u>weekly rate</u>*

Step 1: [Plaintiff's converted hourly rate x time-and-a-half rate] = [time-and-a-half-rate overtime wage rate for all hours over 40]

Step 2: time-and-half-time hourly rate] x [number of hours worked over 40] = [overtime wages owed for the week]

Step 3: [overtime wages owed for the week] x [number of weeks for which the employee worked the same number of hours and received the same weekly or hourly rate] = [total overtime wages owed for the period].

NEW YORK LABOR LAW – OVERTIME CLAIMS

Proposed Jury Instruction No. 22

Under the New York Labor Law, the plaintiffs have the burden of proving:

First, that they were employed by Defendants; and

Second, that the defendants failed to pay the plaintiffs overtime as required by law.

To prove that they were not paid the proper overtime wages, the plaintiffs must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendants, the defendants did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the New York Labor Law is one-and-one-half times the employee's regular wage.[4] An employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage that the plaintiff was entitled to have been paid for the time period in question and not what the plaintiff was actually paid.

The overtime rate that each Plaintiff should have been paid is then calculated by multiplying the legal minimum wage that the plaintiff was entitled to by time-and-a-half (1.5) less the Plaintiff's actual hourly rate for the corresponding year.

---

4 12 N.Y.C.R.R. §146-1.4

DETERMINING THE HOURS PLAINTIFF WORKED AND WAGES PLAINTFF WAS PAID

Proposed Jury Instruction No. 23

Plaintiffs must be paid for all time spent working for the defendants. Plaintiffs allege that defendants failed to maintain adequate records of all the hours that plaintiff worked, and wages that plaintiffs were paid. An employee is considered to be "working" for purposes of this claim whenever    exerts himself, physically or mentally, for a task controlled or required by the employer and performs that task primarily for the benefit of that employer, even if those hours go beyond the employee's scheduled shift.

In this regard, waiting for assignment, or being "on call" waiting for something to happen, is also "work," as I just defined it, as long as that waiting is a task controlled or required by the employer and the employee is performing that task primarily for the benefit of that employer.

Plaintiffs allege that defendants failed to maintain adequate records of all the hours that plaintiffs worked, and wages that plaintiffs were paid. New York state laws require that employers keep accurate records of the hours employees worked each workday and the total hours worked each week–including the employees' times of arrival and departure, and the wages that employees are paid, including the rate at which employees are paid.[5] If defendants failed to maintain such records, then the plaintiffs may prove the number of hours they worked and wages they were paid each week "as a matter of just and reasonable inference," and may meet this burden by relying on their recollection and you may determine the number of hours an employee worked and wages

---

[5]29 U.S.C. §211(c); 29 C.F.R. §516.2(a)(7); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6(a)(4).

31

that employees were paid based on that employee's recollection and your reasonable inferences drawn therefrom. In this respect, the employee's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that he or she worked.[6]

If plaintiffs prove the number of hours they worked and wages they were paid as a matter of just and reasonable inference, the burden of proof shifts to defendants, and defendants must produce evidence of the precise number of hours worked by plaintiffs or other evidence to negate the reasonableness of plaintiffs' evidence as to hours worked and wages paid.[7]  If defendants fail to meet this burden, you may find in favor of the plaintiffs even if the number of hours worked and wages paid is only approximate.[8]

In addition to determining the hours Plaintiffs worked, and the wages they were paid, for some Plaintiffs you will also be asked to determine whether the Plaintiffs were paid an hourly rate of pay or a weekly or daily rate of pay.  If you determine that a Plaintiff was paid at a weekly rate of pay, under the New York Labor Law there is a rebuttable presumption that the weekly salary is intended to cover 40 hours.  An employer can rebut that presumption by showing an agreement between the employer and employee that the salary covers a different number of hours.[9]  You will be asked to determine whether the Defendants have rebutted the presumption that the weekly salary was intended to cover 40 hours.

---

[6] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946); *Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335-336 (S.D.N.Y. 2005).

[7] *Id.*; *Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 254-55 (S.D.N.Y. 2008); N.Y. Lab. L. §196-a.
[8] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)
9 *Moon v. Kwon*, 248 F.Supp.2d 201, 207 (S.D.N.Y. 2002).

NEW YORK LABOR LAW – MINIMUM WAGE

<u>Proposed Jury Instruction No. 24</u>

The Plaintiffs also maintain a claim for violation of the New York State minimum wage law.  This is similar to the claim of a minimum wage violation under federal law, but different in several important ways.  You may find that the Defendants violated both, either, or neither of the federal and New York State minimum wage laws.

Plaintiffs must prove by a preponderance of the evidence:

First, that Plaintiff were employees of the Defendants; and

Second, that the Defendants failed to pay the Plaintiffs the minimum wage as required by law.

The applicable minimum wages rates in this case are as follows:

§ 146-1.2. Basic minimum hourly rate.

(a) The basic minimum hourly rate shall be, for each hour worked by:

(1) Employees, other than fast food employees, in

(i) New York City for

(a) Large employers of eleven or more employees

$9.00 per hour on December 31, 2015;

$10.50 per hour on and after December 31, 2016;

$11.00 per hour on and after December 31, 2017;

$13.00 per hour on and after December 31, 2018;

$15.00 per hour on and after December 31, 2019;

$15.00 per hour on and after December 31, 2020;

$15.00 per hour on and after December 31, 2021;

33

$15.00 per hour on and after December 31, 2022;

$15.00 per hour on and after December 31, 2023;

New York law allows allowed an employer to pay certain "tipped employees" an hourly rate less than the minimum wage by crediting the tips received by the employee against part of the required hourly minimum wage.

An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required. Such employees shall be considered "tipped employees."

If the tip credit applies, the minimum wage which the employer is required to pay employees the minimum wage at all times relevant to this action.

The defendant is entitled to the tip credit only if it proves by a preponderance of the evidence these four elements: (1) the total of tips and wages equaled or exceeded the applicable minimum wage rate (2) the employer provided the employee written notice of the employee's hourly rate, overtime rate, and tip credit, in both English and any other language spoken by the employee as his primary language (in this case, Spanish)[10]; (3) Plaintiffs did not spend 2 hours per day, or 20 percent of their shifts, whichever is less, performing work for which tips are not customarily received[11]; and (4) Plaintiffs were not required to share portions of their tips with non-service staff or their employers.[12]

If you find that the defendant has not proven that it is entitled to the tip credit, then the plaintiff is entitled to the difference between the hourly amount he or she was

---

10 12 N.Y.C.R.R. §146-2.2
11 12 N.Y.C.R.R. §146-3.4; *see also* 12 N.Y.C.R.R. §146-2.9.
12 N.Y. Lab. Law. §196-d; *see also Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011); *Hai Ming Lu v. Jing Fong Restaurant, Inc.*, 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007)

actually paid and the applicable amount of the minimum wage, regardless of the amount of tips he or she received.

NEW YORK LABOR LAW – SPREAD OF HOURS

Proposed Jury Instruction No. 25

To prevail on a claim for spread of hours under the New York Labor Law, a plaintiff must prove that the interval between the beginning and end of his workday was more than ten hours, and that he was not paid an additional hour of pay at the basic minimum hourly rate.[1]

That basic minimum hourly rate is:

- $9.00 per hour on December 31, 2015;

- $10.50 per hour on and after December 31, 2016;

- $11.00 per hour on and after December 31, 2017;

- $13.00 per hour on and after December 31, 2017;

- $15.00 per hour on and after December 31, 2019 until on and after December 31, 2022.

The spread of hours for any day includes working time, plus time off for meals, plus intervals off duty.  For example, if an employee began work at 9:00 a.m., took a one-hour lunch break from 12:00 noon to 1:00 p.m., then finished work at 8:00 p.m., the employee's spread of hours would be 11 hours:  9:00 a.m. to 8:00 p.m. is 11 total hours.

For each such day that an employee worked this type of schedule on and after December 31, 2019, the employee would be entitled to an additional $ 15.00 for that day, for each such day.

If you find by a preponderance of the credible evidence that a plaintiff worked days when his spread of hours was greater than ten, and he was not paid an additional hour's wage at the basic minimum wage rate, you must find that the plaintiff was not paid

---

[1]  12 N.Y. C. R. R. § 146-1.6.

the required spread of hours pay.  You will be asked to find the number of days, or the

number of days per week, that the plaintiff was not paid spread of hours pay.

INDIVIDUAL LIABILITY

<u>Proposed Jury Instruction No. 26</u>

Plaintiffs have brought this action against an individual. Plaintiffs contend that the individual is liable as an employer of Plaintiffs.

If you have any of the violations discussed above as to any plaintiff, you must also determine whether the individual is liable for the violations.  If you have determined that no violations occurred, you need not determine whether the individual defendant was an employer of plaintiff.

Under the NYLL, the determination of whether an employer-employee relationship exists is based on an "economic reality" test, taking into account the totality of the circumstances.  The economic reality test applies to determining whether managers or owners are employers under the NYLL.

Court have identified four factors for determining the economic reality of an employment relationship: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

These factors do not provide a strict rule for the identification of an employer, but rather are a nonexclusive set of factors that have been identified by courts to determine the economic reality.  You should also consider additional factors to assess whether the individuals are employers under the law.  One of these additional factors is whether the individual possessed "operational control," meaning whether the individual possessed control over the company's actual operations in a manner relating to the plaintiff's employment.  A person exercises operational control over employees if his or her role

38

within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment.

The determination of whether an individual is an employer is independent from the question of whether the individual was an owner of the entity. It is not necessary for an individual to be an owner of the business or share in its profits in order to be an employer under the NYLL. Nor is ownership of the business sufficient to qualify an individual as an employer. Ownership is only relevant to the inquiry inasmuch as it may be evidence of the individual's operational control over employees, or the economic realities of the relationship between the individual and the employees.

Additionally, an individual need not have been personally complicit in the violations in order to be found to be an employer.[1]

---

[1] *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013); *see also Yu Y. Ho v. Sim Enters.,* Index No. 11-cv-2855 (PKC) 2014 U.S. Dist. LEXIS 66408, *25-*32 (S.D.N.Y. May 14, 2014); *Switzoor v. SCI Eng'g, P.C.*, 2013 U.S. Dist. LEXIS 129994, *17-*19, 2013 WL 4838826 (S.D.N.Y. Sept. 11, 2013)

GOOD FAITH[2]

Proposed Jury Instruction No. 27

Plaintiffs claim that if they show that Defendants violated the New York Labor Law, they are entitled to recover certain automatic penalties for those violations. However, if Defendants show that they had a good faith basis to believe they were in compliance with the law, then Plaintiffs would not be entitled to those penalties. An employer establishes a good faith basis to believe it was complying with the law if it shows it had reasonable grounds to believe no violation occurred, and that it took active steps to determine the requirements of the law and how to comply.[3]

---

2 Plaintiff contends that the determination of whether Defendants had a good faith basis to believe they were complying with the New York Labor Law is for the Court, rather than the jury, to decide.
3 New York Labor Law §198 (1-a); *Velasquez v. Digital Page, Inc.*, Index No. 11-3892 (LDW) 2014 U.S. Dist. LEXIS 160999, *9 (E.D.N.Y. Nov. 17, 2014)

40

JURY DELIBERATIONS

Proposed Jury Instruction No. 28

You will now return to decide the case. In order to prevail, the plaintiff must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. Similarly, if you find that the defendant has failed to sustain his or her burden with respect to any element of the defendant's affirmative defense, you must return a verdict against the defendant on that defense or claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your

fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the questions concerning the important issues in this case. Except where otherwise indicated, these questions are to be answered yes or no. Your answers must reflect the conscientious judgment of each juror. You should answer every question, except where the verdict form indicates otherwise. [1]

---

[1]    Modern Federal Jury Instructions, Instruction No. 78-3