UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS ROBERTO VILORIO *et al.*,

               Plaintiffs,

      v.

DEVA HOLDINGS LLC *et al.*,

               Defendants.

**MEMORANDUM & ORDER**
20-CV-05389 (HG)

**HECTOR GONZALEZ**, United States District Judge:

In this case brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Plaintiffs move *in limine* to exclude evidence concerning their (1) immigration status and (2) payment or nonpayment of taxes. *See* ECF No. 60 (Mot.); ECF No. 61 (Mem.).[1] Defendants oppose only the second prong of that motion. *See* ECF No. 69 (Opp.). On that issue, Plaintiffs argue that "payment or non-payment of taxes is not relevant to the claims brought by Plaintiffs." ECF No. 61 at 6. They further argue that eliciting such evidence is just a backdoor attempt to raise the issue of Plaintiffs' immigration status. *Id.* at 7. Defendants retort that "the issue of declaration of the wages earned as shown on tax returns is central to the issue of the credibility of each witness" and has no relationship to Plaintiffs' immigration status. ECF No. 69 at 2. They further observe that tax returns have not been produced in this case. *Id.* at 3.

Rule 402 of the Federal Rules of Evidence dictates that evidence that is not relevant is not admissible. Relevant evidence is evidence that has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (evidence is relevant if it

---

[1]    The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

"tends to prove" a fact "that would affect the outcome of the suit under the governing law").[2]  It

is well-established that Rule 401's test for relevance is a "low threshold, easily satisfied."

*United States v. Garnes*, 102 F.4th 628, 638 (2d Cir. 2024).  However, even if challenged

evidence is relevant, the Court must conduct a balancing test and may exclude relevant evidence

if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence."  Fed. R. Evid. 403; *see also Garnes*, 102 F.4th at 636.

The first branch of Plaintiffs' motion concerning immigration status is unopposed and

thus granted.  In any event, the Court agrees with Plaintiffs that to the extent that such evidence

is minimally relevant, "its prejudicial effect and tendency to mislead the jury would substantially

outweigh any probative value."  *See Demirovic v. Ortega*, No. 15-cv-327, 2017 WL 4621089, at

*4 (E.D.N.Y. Oct. 13, 2017) (excluding this evidence), *aff'd*, 771 F. App'x 111 (2d Cir. 2019).

The motion's second branch concerning the nonpayment of taxes is also granted.

Importantly, Defendants' "sole" argument for the introduction of such evidence is that it bears on

Plaintiffs' credibility as witnesses because "[o]ne of the indices of credibility is a propensity to

obey or to ignore the law."  ECF No. 69 at 3.  In other words, they make no argument that this

evidence bears upon their defense to the labor law claims—*e.g.*, by demonstrating Plaintiffs'

income.[3]  To be sure, Rule 608(b) "permits" the Court to allow cross-examination on "specific

---

[2]    Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration
marks, emphases, footnotes, and citations are omitted.

[3]    That is the argument typically made—and rejected—in FLSA cases.  *See Demirovic*,
2017 WL 4621089, at *1–4 ("[W]hether plaintiffs properly reported their income to the
government is irrelevant to the issue at hand, and in any event, it is the defendants' responsibility
to maintain the necessary records to determine if the plaintiffs were paid properly."); *see also
Galindo v. Vanity Fair Cleaners*, No. 09-cv-6990, 2012 WL 2510278, at *4 (S.D.N.Y. June 29,
2012).

2

instances of a witness's conduct in order to attack or support the witness's character for truthfulness." However, that "rule is applied in conjunction with the probative-prejudice balancing test in Rule 403." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 555 (E.D.N.Y. 2011). And here, "[t]he Court appreciates . . . that such evidence of unpaid tax returns might speak to . . . Plaintiffs' credibility; however, the dangers of unfair prejudice, confusion of the issues, and misleading the jury [substantially] outweigh any probative value." *See Puerto v. Moreno*, No. 19-cv-25282, 2021 WL 2716201, at *2 (S.D. Fla. July 1, 2021) (collecting cases excluding this evidence in FLSA cases). And even if Defendants do not intend to elicit evidence concerning Plaintiffs' immigration status, those Rule 403 concerns are heightened here given the association between lack of legal immigration status, so-called off-the-books labor, and the nonpayment of income taxes. *See Galindo*, 2012 WL 2510278, at *4.

For the foregoing reasons, Plaintiffs' motions *in limine* are granted. Counsel for the parties shall appear in person for a final pretrial conference at 11:00 A.M. on May 6, 2025.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 8, 2025

3